RECEIVED
MAR 09 2012
TONY R. MOORE, CLERK
BY_____ BW
   DEPUTY

no $ sent

A COMPLAINT UNDER THE CIVIL RIGHTS ACT,
42 U.S.C. § 1983

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

EDWARD JOSEPH, Jr.                           DOC NUMBER: 337418

VERSUS

SECRETARY JAMES LEBLANC, DEPARTMENT OF CORRECTIONS
SHERIFF LOUIS ACKAL, IBERIA PARISH
WARDEN WESLEY HAYES, IBERIA PARISH JAIL
ASSISTANT WARDEN JESSE HAYES, IBERIA PARISH JAIL
NURSE BROOKS, IBERIA PARISH JAIL

_____

1) Previous Lawsuits

   A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?  Yes ( )  No (X)

   B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

   1. Parties to this previous lawsuit
      Plaintiff(s): _____

      _____

      Defendant(s): _____

      _____

   2. Court (if federal court, name the district; if state court, name the parish): _____
      _____

   3. Docket number: _____

   4. Name of judge to whom case was assigned: _____
      _____

   5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?): _____
      _____

   6. Date of filing lawsuit: _____

   7. Date of disposition: _____

   C. Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, dismissed by any federal court as frivolous, malicious, or for failure to state a claim for which relief can be granted?  Yes ( )  No (X)

1

If your answer is yes, list the civil action numbers and the disposition of each case. You must identify in which federal district or appellate court the action was brought. _____

II. Place of present confinement: Madison Parish Correctional Center

A. Is there a prisoner grievance procedure in this institution? Yes (X) No ( )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure? Yes ( ) No (X)

C. If your answer is Yes:

1. Identify the administrative grievance procedure number(s) in which the claims raised in this complaint were addressed. _____

2. What steps did you take? _____

3. What was the result? _____

D. If your answer is No, explain why not: Actions took place at the Iberia Parish Jail not where I am currently incarcerated.

III. Parties
(In Item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of plaintiff(s) Edward Joseph, Jr.
   Address Madison Parish Correctional Center
   158 Treatment Plant Road
   Tallulah, Louisiana 71282

In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of any additional defendants.

B. Defendant James LeBlanc is employed as Secretary at Louisiana Department of Public Safety and Corrections.

C. Defendant Louis Ackal is employed as Sheriff at Iberia Parish.

Defendant Wesley Hayes is employed Warden at Iberia Parish Jail.

Defendant Jesse Hayes is employed Assistant Warden at Iberia Parish Jail.

Defendant Brooks is employed as Nurse at Iberia Parish Jail.

IV. Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

On the 1st day of June 2011, I was hit directly in the face by a sixteen (16) pound sledge hammer while on a work detail working in the Public Works Division. I was knocked back a total of seven (7) feet. Mrs. Daphane contacted the Iberia Parish Jail about the accident. The Jail, by order of Warden Wesley Hayes, told her to return me to the Jail to be medically evaluated by their Doctor. Mr. Leafer brought me back to the Jail. Upon arriving at the Jail, I was taken to see the on duty nurse, Nurse Brooks. He gave me a couple of pain pills and told Correctional Officer Francis to bring me back to my dorm. I was never seen by the Prison Doctor and / or by an attending Physician at the Emergency Room. My K-9 teeth have a hair line crack and a white mark from the sledge hammer. I also have two (2) fillings missing and my jaw is still in severe pain. My bite is now off center causing me to bite my tongue and inside upper and lower lips. I made several attempts to see the Warden and / or the medical staff to no avail. I was steadily given pain pills instead of being properly evaluated. In October, they shipped me away from the Jail to the Madison Parish Correctional Center where I am currently confined.

After arriving here on the 9th day of November, I sent an Administrative Remedy Procedure to the Warden of the Iberia Parish Jail, the Sheriff of the Iberia Parish, and the Secretary of the Department of Public Safety and Corrections. As of this date, I have not received any response.

1. Nurse Brooks fail to properly do his job in not having me evaluated by the Doctor at the Jail and / or an attending Physician at the hospital.

2. Warden Wesley Hayes and Assistant Warden Jesse Hayes failed to do their administrative duty by refusing to send me to the hospital to be evaluated by an attending Physician and / or by the Prison Doctor.

3. Warden Wesley Hayes and Assistant Warden Jesse Hayes failed to do their administrative duty, in being notified of the pain I was enduring, through request forms and a Grievance, and failing to take any action to remedy it.

4. Sheriff Louis Ackal failed to do his administrative duty, in being notified of the pain I was enduring, through a Grievance, and failing to take any action to remedy it.

5. Secretary James LeBlanc failed to do his administrative duty, in being notified of the pain I was enduring, through a Grievance, and failing to take any action to remedy.

Mr. Troy A. Bowie, Mechanic Supervisor and Jason Chastant, Mechanic Helper of the Iberia Parish Public Works Division are willing to testify to the said events and did file the necessary paperwork of the accident that they were required to do by State Law.

Mrs. Daphane, Mr. Paul, and Mr. Leafer, also of the Iberia Parish Public Works Division, are willing to testify to the said events and did file the necessary paperwork of the accident that they were required to do by State Law.

Nurse Theresa, Head Nurse at the Iberia Parish Jail, is willing to testify that she tried everything in her power to get me seen by the Prison Doctor and / or an attending Physician at the hospital, but she was overruled by Warden Wesley Hayes and Assistant Warden Jesse Hayes.

V. Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. Attach no exhibits.

I am hoping that this Court can help me to the medical help I am in desperate need of. I have to put a rag in my mouth when eating because of the pain the chewing causes. I am asking that I be evaluated by a Physician at a Hospital and that all necessary steps needed to repair any and all damage caused by the accident.

3

I am also asking this Court to cause said Defendants to pay monetary compensation for the pain and suffering I have endured because of their negligence in failing to do their administrative duty.

I am also hoping that this Court can stop these Defendants from doing the same thing to any and all other inmates who may have a similar problem receiving proper medical treatment.

VI. Plaintiff's Declaration

1. I understand that I am prohibited from bringing a civil action in forma pauperis if, while I was incarcerated or detained in any facility, I have brought three or more civil actions or appeals in a court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

2. I understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire filing fee and any costs assessed by the Court, which, after payment of the partial initial filing fee, shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.

3. I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

Signed this 5th day of March, 2012.

*Mr. Edward Joseph Jr. #337418*
Signature of plaintiff(s)

Edward Joseph, Jr. #337418
Madison Correctional Center
158 Treatment Plant Road
Tallulah, Louisiana 71282

LEGAL MAIL

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 0 9 2012

BY TONY R. MOORE, CLERK
DEPUTY

Office of the Clerk
United States District Court
Western District of Louisiana
300 Fannin St., Suite 1167
Shreveport, Louisiana 71101


